46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Alexander ROSE, a/k/a Michael Colfield, Defendant-Appellant.
 No. 94-5505.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 10, 1995.
 
 Carl L. Tilghman, Beaufort, NC, for appellant.
 Janice McKenzie Cole, U.S. Atty., John S. Bowler, Asst. U.S. Atty., Raleigh, NC, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Alexander Rose pled guilty, under the name Michael Colfield, a/k/a Anthony A. Brown, to conspiracy to distribute and to possess with intent to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and to using or carrying a firearm in a drug trafficking offense, 18 U.S.C.A. Sec. 924(c) (West Supp.1994). Rose appeals his 208-month sentence, contending that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 Rose concealed his true identity during plea negotiations, during his guilty plea, and during his first interview with the probation officer. He admitted his true identity only when confronted by the probation officer with evidence that he had serious pending charges under his true name and an alias. Rose also had four previous charges for serious offenses under his real name and various aliases which had never been resolved because he failed to appear.
 
 
 3
 Rose received an adjustment for obstruction of justice, USSG Sec. 3C1.1, which he does not contest. He argues that he was due a three-level reduction for acceptance of responsibility because he ultimately admitted his true identity and offered to cooperate.
 
 
 4
 Conduct resulting in an obstruction of justice enhancement ordinarily precludes an adjustment for acceptance of responsibility. USSG Sec. 3E1.1, comment. (n.4). We find that this is not an extraordinary case in which both may apply. Consequently, the district court did not clearly err in denying Rose an acceptance of responsibility adjustment.
 
 
 5
 The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.